722 S.E.2d 222

**William Barry CHISHOLM, Respondent,**

v.

**Susan Elaine CHISHOLM, Petitioner.**

**No. 27092.**

Supreme Court of South Carolina.

Submitted Nov. 16, 2011.

Decided Feb. 1, 2012.

Rehearing Denied March 7, 2012.

Kenneth C. Porter, Porter & Rosenfeld, of Greenville, for Petitioner.

William Barry Chisholm, pro se, of Greenville, for Respondent.

Chief Justice TOAL.

Susan Elaine Chisholm (Wife) appeals the court of appeals' reversal of the family court's grant of attorney's fees. Wife

argues that the court of appeals incorrectly held the family court erred by solely considering beneficial results in determining the award because the court of appeals had remanded that issue for this very reason. Moreover, Wife contends that the record contains sufficient evidence to support the family court's award. We agree and reverse.

## Facts/Procedural Background

Wife and William Barry Chisholm (Husband) were married in 1979 and have two children, Son and Daughter. Husband filed for divorce in 2001 on the ground of adultery, and in 2003 the family court granted a no-fault divorce based on one year's continuous separation. Pursuant to the court's order, Husband was required to pay one hundred percent of Son's private school tuition for his junior and senior year, was granted visitation with Son, and was required to pay child support. The court granted Wife custody of Son and awarded her roughly 67% of her attorney's fees.

Husband and Wife filed cross appeals, and the court of appeals affirmed in part, reversed in part, and remanded. *Chisholm v. Chisholm*, No. 2005–UP–067 (S.C.Ct.App. filed Jan. 25, 2005) [hereinafter *Chisholm I* ]. The court of appeals, *inter alia*, awarded more visitation to Husband, directed the family court to equitably determine the amount each party should pay for Son's final two years of high school, and remanded the issue of attorney's fees given the change in disposition. *Id.* On remand, the family court chose not to alter the private school expense allocation and reduced the amount Husband had to pay in attorney's fees from $13,000 to $10,500 "[b]ecause [Husband] achieved beneficial results from the appeal." Husband appealed, and the court of appeals reversed the entire award of attorney's fees, holding that the family court erred by relying solely on the beneficial results obtained in determining whether to grant attorney's fees. *Chisholm v. Chisholm*, No. 2010–UP–140 (S.C.Ct.App. filed Feb. 22, 2010) [hereinafter *Chisholm II* ].[1] This appeal followed.

---

1. *Chisholm II*, also reversed the family court's finding that Husband should be 100% responsible for Son's junior and senior year and

## Issue

Whether the court of appeals erred in reversing the family court's grant of attorney's fees.

## Standard of Review

In reviewing appeals from the family court, an appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Miles v. Miles*, 393 S.C. 111, 117, 711 S.E.2d 880, 883 (2011). Accordingly, we review the family court's grant of attorney's fees de novo. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011). De novo review does not relieve an appellant of his burden to "demonstrate error in the family court's findings of fact. Consequently, the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court." *Id.* at 392, 709 S.E.2d at 655 (alteration in original) (internal citation omitted).

## Law/Analysis

Wife argues the family court's grant of attorney's fees should have been upheld because the family court properly considered the beneficial results achieved by Husband on appeal as directed by the court of appeals on remand. We agree.

The decision to award attorney's fees rests in the sound discretion of the family court. *Lewis*, 392 S.C. at 394, 709 S.E.2d at 656. When determining whether to award attorney's fees, the court must consider "ability to pay, the parties' respective financial conditions, the effect of the award on each party's standard of living, and the beneficial results achieved." *Upchurch v. Upchurch*, 367 S.C. 16, 28, 624 S.E.2d 643, 648 (2006). "Beneficial result alone is not dispositive of whether a party is entitled to attorney's fees." *Id.* (citing

private school. Wife appealed this finding as well as the court of appeals' failure to dismiss the appeal for Husband's inclusion of irrelevant materials in his Designation of Matter to be Included in the Record on Appeal. This Court granted certiorari only on the issue of attorney's fees.

*Mazzone v. Miles,* 341 S.C. 203, 214, 532 S.E.2d 890, 894 (Ct.App.2000)).

In *Chisholm I,* the court of appeals remanded the issue of attorney's fees to the family court, stating that "[i]n view of the beneficial results obtained by the husband in this appeal, we remand to the family court for further consideration." Thus, when addressing the issue on remand, the family court "reviewed the record to determine if any change should be made in the decision regarding attorney's fees and costs." Noting that the original award had been based "in part upon the significant content regarding custody of [Son], on which [Wife] prevailed," the judge determined that the amount awarded should be reduced from $13,000 to $10,500, or from 67% of her fees to 50%.

On appeal from this second order, the court of appeals reversed stating that the family court had erred in its determination "both in its original adjudication and on remand." *Chisholm II,* No. 2010–UP–140. This was in error. *Chisholm I* did not address any error as to the manner in which the family court awarded the attorney's fees but instead remanded "in view of the beneficial results obtained by the husband." Given this directive, the family court proceeded to reduce the award based on the beneficial results achieved, while noting that Wife had prevailed on the most heavily contested issue at trial. It would be improper for the court to then, on subsequent review, reach back to declare the original order was in error. Furthermore, when the court gives guidance so plainly by noting that the remand is due to "beneficial results obtained by the husband," it would be inconsistent for the same court to then find consideration of this element was insufficient to support the award. This is especially true given the fact that the court of appeals itself has altered awards of attorney's fees solely on the basis of the beneficial results it awarded in the appeal. *See, e.g., Myers v. Myers,* 391 S.C. 308, 322, 705 S.E.2d 86, 94 (Ct.App.2011) (reducing Wife's award of attorney's fees after decreasing Husband's alimony obligation and excluding some property from marital estate because Wife's beneficial results had been diminished). Allowing an appellate court to change its mind on its original instruction would only confuse lower courts as to how to comply on remand. We therefore find that the court of

appeals erred in reversing the family court's order and eliminating Wife's award of attorney's fees.

## Conclusion

Accordingly, we reverse the court of appeals' denial of attorney's fees and reinstate the amount awarded to Wife by the family court.

**REVERSED.**

BEATTY and KITTREDGE, JJ., concur. PLEICONES, J., dissenting in a separate opinion. HEARN, J., not participating.

Justice PLEICONES.

I respectfully dissent, and finding no error in the decision of the Court of Appeals, I would dismiss the writ of certiorari as improvidently granted.