**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Angela Jo Branyon Shehan, Respondent,

v.

Richard Allen Shehan, Appellant.

Appellate Case No. 2010-174446

Appeal From Pickens County
Timothy M. Cain, Family Court Judge

Unpublished Opinion No. 2012-UP-353
Heard May 22, 2012 – Filed June 13, 2012

**AFFIRMED**

J. Falkner Wilkes, of Greenville, for Appellant.

David James Brousseau, of McIntosh, Sherard, & Sullivan, of Anderson, for Respondent.

**PER CURIAM:** Richard Allen Shehan (Husband) appeals from an order of the family court (1) finding Angela Jo Branyon Shehan (Wife) entitled to equitable distribution of certain assets that were subject to an antenuptial agreement between the parties, and (2) awarding Wife attorney fees and costs. We affirm.

1.      After de novo review, we find the trial court did not err in finding a change of circumstances existed warranting the agreement not be enforced as to certain property that may have otherwise been covered by the agreement.  In appeals from the family court, an appellate court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  "*De novo* review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the trial court's findings." *Lewis v. Lewis*, 392 S.C. 381, 390, 709 S.E.2d 650, 654-55 (2011).  However, while this court has the authority to find facts in accordance with our own view of the preponderance of the evidence, "we recognize the superior position of the family court judge in making credibility determinations." *Id.* at 392, 709 S.E.2d at 655.  Further, de novo review does not relieve an appellant of his "burden to demonstrate error in the family court's findings of fact." *Id.*  "Consequently, the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court." *Id.* (alteration in original) (internal citation and quotation marks omitted).

First, we find no merit to Husband's assertion that the record does not support the family court's finding that Husband used his income to purchase assets, while Wife primarily used her income to support the family's general living expenses.  The record is replete with evidence that Wife's income was predominantly used on medical and dental bills, clothing, groceries, childcare, school supplies, family vacations, gifts, and furnishings for the home, and that she was unable to purchase real property because she did not have the money to do so.  Additionally, there is evidence Husband used his income for the acquisition of real property and farm equipment, as well as to purchase items for the sole enjoyment of his hobbies.  Considering the family court judge's superior position in making credibility determinations, we find Husband has not met his burden of demonstrating error in the family court's findings of fact.[1]

We further find no error in the family court's determination that a change in circumstances warranted invalidating the provisions of the agreement as to certain property.  Our courts have adopted the following test to determine whether a prenuptial agreement should be enforced: "(1) Was the agreement obtained through fraud, duress, or mistake, or through misrepresentation or nondisclosure of material facts?  (2) Is the agreement unconscionable?  (3) Have the facts and circumstances changed since the agreement was executed, so as to make its enforcement unfair

---

[1] We note the trial court made a credibility finding in favor of Wife concerning her allegation of physical cruelty by Husband, even though Husband denied the same.

and unreasonable?"  *Hardee v. Hardee,* 355 S.C. 382, 389, 585 S.E.2d 501, 504 (2003) (internal quotation marks omitted).  Where the change in circumstances relied upon to avoid enforcement of an antenuptial agreement is completely foreseeable to the party seeking to avoid enforcement, our courts have found the facts and circumstances at the time of enforcement have not changed to the extent that enforcement of the agreement is unfair or unreasonable.  *See id.* at 390-91, 585 S.E.2d at 505 (holding our supreme court upheld this court's determination that the facts and circumstances of wife's worsening health had not changed to such an extent that it was unreasonable or unfair to enforce the agreement where wife had serious health problems at the time she signed the antenuptial agreement, the agreement specifically noted wife's health problems, it was completely foreseeable to wife that her health would worsen, and wife's attorney advised her not to sign the agreement because of her health problems).

A review of the antenuptial agreement in this matter shows it generally contemplated both parties would be able to acquire assets.  More importantly, the agreement specifically states that "[e]ach of the parties recognize the *obligation of mutual support* and agree that nothing contained herein is an attempt to interfere with that obligation."  (emphasis added).  The evidence shows that, contrary to this agreement, Husband did not provide mutual support to the marriage.  Rather, he focused much of his income on purchasing assets held in his name alone, while Wife's income was primarily consumed by non-asset producing support of the family.  Further, we disagree with Husband's assertion that the change in circumstances was completely foreseeable because, as noted, the prenuptial agreement anticipates that both parties would be able to acquire assets after the marriage, and both parties would provide "mutual support" to the marriage.  The evidence shows Husband did not live up to the provision of mutual support in the agreement and Wife was foreclosed from acquiring her own assets as a result.  Thus, we find the facts and circumstances have changed since execution of the prenuptial agreement so as to make enforcement of the provision concerning acquisition of property by the parties during the marriage unfair and unreasonable.

Because our analysis concerning the change in circumstances is dispositive, we need not address the court's alternate rulings on transmutation and special equity.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

2.      As to Husband's contention the family court erred in awarding attorney fees and costs to Wife, we likewise find no reversible error.[2]  The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the burden of showing error in the family court's findings of fact.  *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223-24 (2012).  In deciding whether to award attorney fees and costs, the court should consider the following factors: (1) the ability of the party to pay his or her own fees; (2) beneficial results obtained; (3) the financial conditions of the parties; and (4) the effect a fee award will have on the party's standard of living.  *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).

We first note that Husband fails to point out how he "prevailed on the majority of issues," as he contends, and we find no support for this conclusory assertion in the record before us.  Additionally, as previously noted, we decline to reverse the family court's decision to invalidate provisions of the agreement as to certain property and the award of a portion of that property to Wife.  Here, the family court properly considered the *E.D.M.* factors and determined an award of attorney fees and costs was appropriate.  Accordingly, we find no abuse of discretion in the court's decision to award Wife attorney fees and costs.

For the foregoing reasons, the order of the family court is

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[2]  Husband does not challenge on appeal the reasonableness of the amount of fees awarded, but only the family court's decision to award Wife attorney fees and costs.