**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Sloane McCollum Foster,　　　　　Respondent,

v.

Marshall Alan Foster,　　　　　Appellant.

———

Appeal From Greenville County
Letitia H. Verdin, Family Court Judge

———

Unpublished Opinion No. 2012-UP-451
Submitted May 1, 2012 – Filed July 18, 2012

———

### AFFIRMED

———

Scarlet Bell Moore, of Greenville, for Appellant.

Oscar W. Bannister, of Greenville, for Respondent.

Jennifer L. Coyle, of Greenville, for Guardian ad Litem.

**PER CURIAM:** Marshall Alan Foster (Husband) appeals the family court's divorce decree, arguing the family court erred in: (1) requiring Husband to pay nine hundred dollars per month in alimony; (2) equitably dividing the debts and assets of the marriage; and (3) ordering Husband to pay attorney's fees. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.     As to whether the family court erred in requiring Husband to pay nine hundred dollars per month in alimony: Davis v. Davis, 372 S.C. 64, 79, 641 S.E.2d 446, 454 (Ct. App. 2006) ("South Carolina law provides that the family court . . . may grant alimony in such amounts and for such term as the [court] considers appropriate under the circumstances."); Pirri v. Pirri, 369 S.C. 258, 267, 631 S.E.2d 279, 284 (Ct. App. 2006) (holding that in making an alimony award, "[n]o one factor is dispositive" (quoting Allen v. Allen, 347 S.C. 177, 184, 554 S.E.2d 421, 425 (Ct. App. 2001))).

2.     As to whether the family court erred in equitably dividing the debts and assets of the marriage: Deidun v. Deidun,  362 S.C. 47, 58, 606 S.E.2d 489, 495 (Ct. App. 2004) ("If the end result is equitable, it is irrelevant that the appellate court would have arrived at a different apportionment.").

3.     As to whether the family court erred in ordering Husband to pay attorney's fees: Chisholm v. Chisholm, 396 S.C. 507, 510, 722 S.E.2d 222, 223-24 (2012) (holding the decision to award attorney's fees is within the family court's discretion and although appellate review is de novo, the appellant still has the burden to show the family court erred).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.