**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deborah Hiller, Respondent,

v.

Joe W. Hiller, Sr., Appellant.

Appellate Case No. 2010-175586

———————————

Appeal From Greenville County
W. Marsh Robertson, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-634
Submitted July 2, 2012 – Filed November 28, 2012

———————————

**AFFIRMED**

———————————

Joe W. Hiller, Sr., of Greenville, pro se.

Rhett D. Burney, of Turner & Burney, PC, of Laurens, for Respondent.

———————————

**PER CURIAM:** Joe W. Hiller, Sr. (Husband) appeals the final divorce order of the family court, arguing the family court erred in (1) failing to transcribe Husband's motion to dismiss so he could appeal, (2) misstating several findings of fact in its order, (3) awarding attorney's fees to Deborah P. Hiller (Wife), and (4) failing to consider Wife's debts in determining an equitable distribution of the

marital estate.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether the family court erred in failing to transcribe Husband's motion to dismiss so he could appeal: Rule 220(b)(2), SCACR (stating this court "need not address a point which is manifestly without merit").

2.      As to whether the family court erred in misstating several findings of fact in its order: *Roesler v. Roesler*, 396 S.C. 100, 106, 719 S.E.2d 275, 278 (Ct. App. 2011) (recognizing that despite the appellate court's ability to make its own findings of fact in appeals from the family court, the family court is often in a better position to weigh testimony and make determinations regarding the credibility of witnesses).

3.      As to whether the family court erred in awarding attorney's fees to Wife: *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223-24 (2012) (holding the decision to award attorney's fees is within the family court's discretion and although appellate review is de novo, the appellant still has the burden to show the family court erred).

4.      As to whether the family court erred in failing to consider Wife's debts in determining an equitable distribution of the marital estate: *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (holding an issue is not preserved for review if the issue is not addressed in the final order and the appellant does not file a Rule 59(e), SCRCP, motion for reconsideration seeking a ruling on the issue).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.