**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lisa Whitlock, Respondent,

v.

Raymond Collins, Appellant.

Appellate Case No. 2012-212019

―――――――――

Appeal From Calhoun County
Anne Gue Jones, Family Court Judge

―――――――――

Unpublished Opinion No. 2013-UP-301
Heard April 11, 2013 – Filed July 3, 2013

―――――――――

**AFFIRMED**

―――――――――

Paul V. Degenhart, of Degenhart & Degenhart Law, LLC, of Columbia, for Appellant.

Lisa Whitlock, of Swansea, pro se, Respondent.

―――――――――

**PER CURIAM:** Raymond L. Collins appeals the order of the family court, arguing the court erred in failing to grant his motion for a continuance, failing to question his competency to participate in a trial, and awarding attorney's fees and costs to Lisa Whitlock. We affirm.

1.    We affirm the family court's denial of Collins's motion for a continuance and failure to rule he was incompetent at the time of the hearing. *See Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) (noting the grant or denial of a continuance is within the sound discretion of the family court and its ruling will not be reversed on appeal absent an abuse of discretion); *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011) (recognizing the superior position of the family court in making credibility determinations). We find no error in the family court disregarding the doctor's excuse produced by Collins when Collins had not seen that doctor in nine months. We further find no error in the family court proceeding with the hearing despite Collins's assertion in his motion for continuance and post-trial motion that he was incompetent due to taking prescription pain medication. The family court extensively questioned Collins by phone regarding his consent to and understanding of the parties' agreement. Furthermore, Collins did not request this court invalidate the agreement due to lack of competency. *See State v. Bell*, 293 S.C. 391, 395-96, 360 S.E.2d 706, 708 (1987) ("The test for competency to stand or continue trial is whether the defendant has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the proceedings against him."); *Swentor v. Swentor*, 336 S.C. 472, 482, 520 S.E.2d 330, 336 (Ct. App. 1999) (stating that family courts will refuse to approve agreements under essentially the same circumstances that would render any other type of contract unenforceable); *Gaddy v. Douglass*, 359 S.C. 329, 345, 597 S.E.2d 12, 20 (Ct. App. 2004) (defining contractual capacity as "a person's ability to understand in a meaningful way, at the time the contract is executed, the nature, scope and effect of the contract"); *Burnett v. Burnett*, 290 S.C. 28, 30, 347 S.E.2d 908, 909 (Ct. App. 1986) (concluding wife freely and voluntarily entered into separation agreement when there was no "evidence that Mrs. Burnett was compelled to enter into the agreement as a result of being overreached or subjected to any duress, nor is there any evidence that she was not of sound mind or under any unusual stress, other than the stress normally attendant to the breakup of a marriage").

2.    We find no error in family court's award of attorney's fees to Whitlock. *See Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 224 (2012) ("The decision to award attorney's fees rests in the sound discretion of the family court."); *id.* (stating the factors the family court considers when determining whether to award attorney's fees are: (1) the ability to pay; (2) the parties' respective financial conditions; (3) the effect of the award on each party's standard of living; and (4) the beneficial results achieved); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403

S.E.2d 313, 315 (1991) (stating the factors considered in determining a reasonable attorney's fee are: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services). Although Whitlock requested $12,000 in attorney's fees, the family court awarded her $5,000 in attorney's fees to be paid directly to her attorney. The court noted that Whitlock was out of work and receiving monthly workers' compensation benefits. While the record includes only a 2008 financial declaration from Collins providing he has $1,100 in monthly income and $1,880 in expenses, the family court noted Collins offered no explanation as to why he had not provided an updated declaration. Whitlock testified that Collins's business earned profits of $144,000 in 2005, the last year in which she was privy to his tax return, and she had seen Collins working around town installing roofs. As to beneficial results, the visitation agreement the court adopted was the same Whitlock proposed two years earlier. On the remaining contested issues, the family court found in Whitlock's favor and ordered Collins to pay the balance due to the guardian ad litem, Whitlock's expert witness's fees, $4,200 in child support accrued while the case was administratively dismissed, half the costs of diapers for their autistic child, and half of any uninsured medical expenses for the children. Furthermore, the family court found Collins responsible for much of the delay in the case.

3. We decline to address Whitlock's due process issue. *See Grant v. S.C. Coastal* Council, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (finding appellant's argument the hearing below was conducted in such a way as to deprive him of his constitutional due process rights was never mentioned prior to his appeal and consequently was not preserved for review); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 418, 665 S.E.2d 231, 234 (Ct. App. 2008) (declining to address respondent's argument because respondent failed to cross appeal the administrative law court's finding).

4. As to Whitlock's argument that Collins failed to inform her he ordered the trial transcript, we decline to dismiss the appeal on this ground. *See Henning v. Kaye*, 307 S.C. 436, 437, 415 S.E.2d 794, 794 (1992) (denying respondents' motion to dismiss even though noting dismissal of the appeal would be justified based on appellant's numerous violations of the appellate court rules).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**