**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Samuel Richardson, Appellant,

v.

Linda Richardson, Respondent.

Appellate Case No. 2011-192487

———————

Appeal From Richland County
George M. McFaddin, Jr., Family Court Judge

———————

Unpublished Opinion No. 2013-UP-298
Heard June 4, 2013 – Filed July 3, 2013

———————

**AFFIRMED**

———————

Melvin Dean Bannister, of Columbia, for Appellant.

Stephen L. Hudson, of Law Offices of Stephen L. Hudson, PC, of Columbia, for Respondent.

———————

**PER CURIAM:** Samuel Richardson appeals a family court order awarding Respondent Linda Richardson fifty percent of the parties' marital estate. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 20-3-620(B)(2) (Supp. 2012) (requiring the family court, in apportioning the marital property, to "give weight in such proportion as it finds appropriate" to

certain factors, including "marital misconduct or fault of either or both parties, whether or not used as a basis for a divorce as such, if the misconduct affects or has affected the economic circumstances of the parties, or contributed to the breakup of the marriage"); *Wilburn v. Wilburn*, Op. No. 27222 (S.C. Sup. Ct. filed May 8, 2013) (Shearouse Adv. Sh. No. 20, at 18, 22) (acknowledging the appellate court "exercises de novo review of appeals in family court cases," but further stating "the decision of the family court will be upheld unless the Court finds that a preponderance of the evidence weighs against the family court's decision"); *Lewis v. Lewis*, 392 S.C. 381, 389, 709 S.E.2d 650, 654 (2011) ("*[D]e novo* review neither relieves an appellant of demonstrating error nor requires [the appellate court] to ignore the findings of the family court."); *Doe v. Doe*, 370 S.C. 206, 213, 634 S.E.2d 51, 55 (Ct. App. 2006) ("The division of marital property is in the family court's discretion."); *id.* at 214, 634 S.E.2d at 56 ("While there is certainly no recognized presumption in favor of a fifty-fifty division, we approve equal division as an appropriate starting point for a family court attempting to divide an estate of a long-term marriage."); *Rutherford v. Rutherford*, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992) ("In appeals from all equity actions including those from the Family Court, the appellate court has authority to find facts in accordance with its own view of the preponderance."); *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) (reviewing the family court's decision in awarding attorney's fees under a de novo standard of review); *id.* ("Consequently, the family court's factual findings will be affirmed unless appellant satisfies this court that the preponderance of the evidence is against the findings of the [family] court.") (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655).

**AFFIRMED.**[1]

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] Respondent failed to file a brief. Pursuant to Rule 208(a)(4), SCACR, this court is permitted to take whatever action the court deems proper, including reversal. *See Turner v. Santee Cement Carriers, Inc.,* 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (noting the appropriateness of a reversal for failing to file a respondent's brief or considering that failure to file as an additional ground). We limited Respondent's argument to addressing the matters raised by Appellant at oral argument.