**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Sonia Stennett, David Robinson, and Carlton Valentine, Defendants,

Of whom David Robinson is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-001489

———————————

Appeal From Greenville County
Harry L. Phillips, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-448
Heard August 12, 2015 – Filed August 28, 2015

———————————

**REVERSED AND REMANDED**

———————————

Alex R. Stalvey, of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Appellant.

Deborah Murdock Gentry, of Murdock Law Firm, LLC, of Mauldin, and Rosemerry Felder-Commander, of the

South Carolina Department of Social Services, of
Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law,
of Greenville, for the Guardian ad Litem.

_____

**PER CURIAM:**  David Robinson (Father) appeals the family court's intervention
order, which (1) found he sexually abused his minor daughter (Child), (2) adopted
a treatment plan proposed by the South Carolina Department of Social Services
(DSS), (3) ordered that Father be entered in DSS's Central Registry of Child Abuse
and Neglect, and (4) prohibited Father from having any further contact with Child.
On appeal, Father argues the evidence presented at the intervention hearing did not
establish by a preponderance of the evidence that he sexually abused Child.  We
agree; therefore, we reverse and remand.

On appeal from the family court, this court reviews factual and legal issues de
novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).
Thus, we may make our own findings as to whether the preponderance of the
evidence showed Father sexually abused Child.  *See Chisholm v. Chisholm*, 396
S.C. 507, 510, 722 S.E.2d 222, 223 (2012) ("In reviewing appeals from the family
court, an appellate court may find facts in accordance with its own view of the
preponderance of the evidence.").  Having conducted a de novo review of the
record, we find the family court erred in finding DSS proved by the preponderance
of the evidence that Father sexually abused Child.  *See Lewis v. Lewis*, 392 S.C.
381, 392, 709 S.E.2d 650, 655 (2011) (stating the family court's factual findings
will be affirmed unless the appellant satisfies this court that the preponderance of
the evidence is against the finding of the family court) (internal quotation marks
omitted)); S.C. Code Ann. § 63-7-1660(E) (2010) ("The [family] court shall not
order that a child be removed from the custody of [a] parent or guardian unless the
court finds that the allegations of the [removal] petition are supported by a
preponderance of evidence[,] including a finding that the child is an abused or
neglected child as defined in [s]ection 63-7-20 [of the South Carolina Code
(2010),] and that . . . return of the child to the home would place the child at
unreasonable risk of harm affecting the child's life, physical health or safety, or
mental well-being and the child cannot reasonably be protected from this harm
without being removed.").  Accordingly, we reverse and remand this case to the
family court.

**REVERSED AND REMANDED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**