**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Danko III, Appellant,

v.

Treva Owens, Respondent.

Appellate Case No. 2021-001008

———————

Appeal From Berkeley County
Wayne M. Creech, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-101
Submitted January 31, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Eric Salisbury Durand, of Eric S. Durand, Esq., LLC, of North Charleston; and Lauren Kay Anderson, of Ralph Wilson Law PC, of Conway, both for Appellant.

Brian Dumas, of Brian Dumas, Attorney LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** John Danko III appeals the family court's denial of attorney's fees, costs, and sanctions related to the enrollment of a foreign order of protection. On appeal, Danko argues the family court erred in failing to make any findings of

fact or conclusions of law related to his request for attorney's fees, costs, and sanctions. We affirm.

We hold the family court did not err by denying Danko's request because Danko failed to show his request for attorney's fees, costs, and sanctions was well-founded. Thus, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) (explaining an appellate court reviews attorney's fees de novo); *Tomlinson v. Melton*, 428 S.C. 607, 611, 837 S.E.2d 230, 232 (Ct. App. 2019) ("Thus, the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence."); *id.* ("However, this broad scope of review does not require the appellate court to disregard the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony."); *id.* at 611-12, 837 S.E.2d at 232 ("Therefore, the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the court's findings."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (stating the family court should consider the following factors to determine a reasonable award of attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 224 (2012) ("Beneficial result alone is not dispositive of whether a party is entitled to attorney's fees." (quoting *Upchurch v. Upchurch*, 367 S.C. 16, 28, 624 S.E.2d 643, 649 (2006))); *Gainey v. Gainey*, 279 S.C. 68, 70, 301 S.E.2d 763, 764 (1983) ("The petitioner [seeking attorney's fees] also has a burden to show a request for attorney's fees is well-founded."); *Abbott v. Gore*, 304 S.C. 116, 119, 403 S.E.2d 154, 157 (Ct. App. 1991) ("A party who seeks attorney's fees has the burden to show that request is well-founded and failure to offer any evidence on the issue of attorney's fees precludes an award."); Rule 20(a), SCRFC ("In any domestic relations action in which the financial condition of a party is relevant or is an issue to be considered by the court, a current financial declaration in the form prescribed by the Supreme Court shall be served and filed by all parties.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.