21896

Mack GAINEY, Jr., Appellant, v. Ruby Sue GAINEY, Respondent.

(301 S. E. (2d) 763)

*Allen C. Pate,* Florence, *for appellant.*

*Ruby Sue T. Gainey, pro se.*

April 6, 1983.

*Per Curiam:*

The parties were granted a divorce on the ground of one year's continuous separation in March, 1981. In July, 1981, Appellant (Husband) sought a modification of the March decree. Respondent (Wife), by way of a Rule to Show Cause, sought enforcement of portions of the March decree. The two causes were joined for hearing. The lower court ruled he had no jurisdiction over the claims except as to child support, which he continued past emancipation, and to house payments in arrears. This appeal followed.

Appellant first argues that the lower court erred in determining he had no jurisdiction over claims as they related to: (1) sale of the marital home, (2) alteration of the method of mortgage payment and (3) delivery of certain personal property by the wife to appellant. The trial judge reasoned that Supreme Court Rule 41 automatically superseded those claims because they were on appeal to this Court. We need not reach this issue because the claims are no longer under appeal. *See, Gainey v. Gainey,* S. C., 290 S. E. (2d) (1982). Since appellant's argument concerning Rule 41 deals only with questions which are on appeal, the issue has become moot. This Court will not issue advisory opinions on questions for which no meaningful relief can be granted. *Jones v. Dillon-Marion Human Resources Development Commission,* S. C., 291 S. E. (2d) 195 (1982). This issue is therefore dismissed for mootness.

Appellant next contends the lower court erred in awarding attorney's fees to the wife. The wife instituted her portion of the action by a Rule to Show Cause, which was her only pleading. In that Rule, she did not request attorney's fees. Further, she presented no evidence on the question at trial. Normally, a party may not receive relief which was not requested in the pleadings. *Ingram v. Ingram*, 273 S. C. 113, 254 S. E. (2d) 680 (1979); *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978). See also, S. C. Code Ann. §§ 20-3-120 and 20-7-420 (1976). The petitioner also has a burden to show a request for attorney's fees is well-founded. *Collins v. Collins*, 239 S. C. 170, 122 S. E. (2d) 1 (1961); *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974). Because respondent failed to offer any evidence on the issue of attorney's fees, we find she has not met her burden. *Id.* The award of attorney's fees to the wife is therefore vacated.

Finding no other error of fact or law, we affirm the remainder of the appeal under Rule 23 of the Rules of this Court.