## 1636

Tamara T. ABBOTT, Appellant-Respondent v.
Aubrey J. GORE, Jr., Respondent-Appellant.

(403 S.E. (2d) 154)

Court of Appeals

*H.T. Abbott*, Conway, *for appellant-respondent.*

*John P. Henry*, of *Thompson, Henry, Gwin, Brittain & Stevens*, Conway, *for respondent-appellant.*

Heard Feb. 12, 1991.

Decided April 1, 1991.

SHAW, Judge:

In this domestic matter, the mother, Tamara T. Abbott, and father, Aubrey J. Gore, Jr., both appeal a monthly increase to $700 in child support. The mother further appeals the award of the dependent tax exemption to the father and the striking of attorney's fees previously awarded to her following the father's motion for reconsideration. We affirm as modified.

The mother instituted this action in July, 1988 seeking, among other things, an increase in child support and attorney's fees in relation to this action. The father answered admitting his financial resources and earning ability had increased but asked that any increase in child support be based on need and not solely on his ability to pay. Following a hearing in January, 1989, a final order was issued by the trial judge increasing child support from $250 to $700 per month. The order further granted the mother attorney's fees of $750 and granted the father the right to claim the parties' minor child as a tax deduction.

Following the issuance of the final order, the mother made a motion for reconsideration arguing the court had no authority to award the father the dependent tax exemption. This motion was denied by the trial judge by order dated March 23, 1989. On April 4, 1989, the mother filed notice of intent to appeal. Prior to the filing of this notice, the father made a motion for reconsideration. During this period of time, the trial judge, who presided over the final hearing and the mother's motion for reconsideration, died. On October 9, 1989, the family court issued its order on the father's motion for reconsideration

finding the award of $700 monthly child support proper and striking the award of attorney's fees to the mother.

The parties in this matter were divorced in 1977 and had one child of the marriage who was fifteen at the time of the final hearing. At the time of the divorce, the mother was awarded child support of $125 every two weeks. Over the years, the child support was reduced to $225 per month and, then, later increased to $250 per month. Since 1980, the father has been paying child support of $250 per month.

The mother testified she is a high school teacher and that she and the parties' son live with her mother, whose home is paid for. She shares living expenses with her mother and has one automobile which was a gift from her mother. She has a net monthly surplus of $300 which she uses for their son. She testified generally to the increased expenses for the son's clothing, social activities and extracurricular activities. She further stated the son had obtained a driver's permit and would therefore need insurance.

The father, who has remarried and has another child by his second marriage, is a life insurance salesman. The record indicates he has a net monthly income of $6,784 and net expenses of $6,646, a surplus of $138 a month. There is no indication of what income the father earned at the time of the divorce.

Both parties appeal the amount of increase in child support awarded by the trial judge. The mother argues the increase is inadequate, arguing the trial judge erred in failing to compute the appropriate amount of support by the child support guidelines. The father contends the facts do not support such a substantial increase. We disagree.

From the outset, we note the parties, though both appealing from a support award, failed to include a copy of their financial declarations in the record. We therefore have no indication of the income of the mother, only that of her monthly surplus. Further, we have no means of assessing the reasonableness of either parties' expenses. *See Windham v. Honeycutt,* 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986) (the burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review). Although the mother requested support be computed by the guidelines, the use of the guidelines at that time was

not mandatory.[1] The amount of child support was within the trial judge's discretion. *Smith v. Smith,* 264 S.C. 624, 216 S.E. (2d) 541 (1975). Given the limited record before us, we find no abuse of discretion on the part of the trial judge in increasing the award to $700 monthly. *See* also *Campbell v. McPherson,* 268 S.C. 444, 234 S.E. (2d) 774 (1977) (where a child gets older and becomes a teenager, the child has additional needs).

The mother also contends the trial court erred in ordering the award of the dependent tax exemption to the father. We agree. The father made no request for such relief in his pleadings. Neither is there any indication that the issue of entitlement to the tax exemption was raised at the hearing. Due process requires that a litigant be placed on notice of the issues which the court is to consider and the rule that family court pleadings are to be liberally construed may not be stretched so as to permit the judge to award relief not contemplated by the pleadings. *Henry v. Henry,* 296 S.C. 285, 372 S.E. (2d) 104 (Ct. App. 1988). We disagree with the trial judge's finding, following the mother's Rule 59 motion, that the issue was within the scope of relief as it touched on the issue of child support. Though of some relation, it is a separate issue and the father's failure to raise it in both the pleadings and by oral amendment at the hearing preclude its consideration by the court. The order below is therefore modified to exclude the portion awarding the father the tax exemption.

Finally, the mother contends the court erred in striking her award of attorney's fees following the father's Rule 59 motion. We disagree. Although the mother requested attorney's fees at the hearing, she stated her attorney was her brother and she therefore had no idea what he would charge her. There is no evidence of the amount of her attorney's fees. A party who seeks attorney's fees has the burden to show that request is well-founded and failure to offer any evidence on the issue of attorney's fees precludes an award. *Gainey v.*

---

[1] We further note there is no competent evidence of the amount of support indicated by the guidelines. The record contains no worksheet used for computing by the guidelines nor the financial declaration of the parties. We are therefore unable to determine whether the support awarded is even out of line with the amount that would be indicated by the guidelines.

*Gainey,* 279 S.C. 68, 301 S.E. (2d) 763 (1983). The order on re-hearing striking the award of attorney's fees to the mother is therefore affirmed.

Affirmed as modified.

SANDERS, C.J., and GOOLSBY, J., concur.

