532 S.E.2d 19

**Matthew Henry WILSON, Appellant,**

v.

**Linda Scruggs WALKER, Respondent.**

**No. 3172.**

Court of Appeals of South Carolina.

Heard April 10, 2000.

Decided May 22, 2000.

534

William G. Yarborough, III, of Ashmore & Yarborough, of Greenville, for appellant.

Jeffrey A. Merriam, of Carter, Smith, Merriam, Rogers & Traxler, of Greenville, for respondent.

HEARN, Chief Judge:

Matthew Henry Wilson (Father) appeals from two family court orders holding him in contempt and awarding Linda Scruggs Walker (Mother) attorney fees. Father also appeals a third family court order denying his motion for a continuance on the underlying action and awarding Mother additional attorney fees. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Father and Mother divorced in July 1991. The divorce order granted Mother custody of the parties' minor child, granted Father visitation rights, and required Father to pay child support.

In May 1997, Father brought an action to modify his visitation schedule based on changed circumstances. Specifi-

cally, Father relocated to North Carolina and alleged Mother prevented him from exercising all his visitation rights as set forth in the divorce order. Mother answered, admitting Father's visitation schedule should be modified. Mother also counterclaimed, seeking an increase in child support.

In July 1997, Mother served Father with two sets of interrogatories and a request for document production. Mother subsequently filed a motion to compel, not based on her discovery requests, which were not yet due, but seeking an order requiring Father to produce the standard financial declaration. *See* Rule 20(a), SCRFC. Prior to Mother's motion to compel, Father's attorney moved to be relieved as counsel.

The family court held a hearing on the motion to compel and the motion to be relieved. Father did not attend the hearing, allegedly due to medical reasons. On August 4, 1997, the family court granted Father's attorney's motion to be relieved and Mother's motion to compel, ordering Father to submit a sworn financial declaration on or before September 1, 1997. Even though not requested in any written motion, the court further ordered Father to respond to Mother's discovery requests or be sanctioned fifty dollars for every day after September 1, 1997 that he failed to submit the financial declaration or respond to the interrogatories and the document request previously filed by Mother. Father did not appeal this order.

Father alleges the August 1997 order was not served on him until August 26, 1997, only six days before compliance with the order was due. Nevertheless, acting *pro se,* Father submitted answers to interrogatories, the document request, and his financial declaration by mail on September 2, 1997. Mother's attorney received the information on September 5, 1997.

Almost two months later, without any further correspondence with Father, Mother petitioned the court for a rule to show cause why Father should not be held in contempt for failure to comply with the August 1997 order by furnishing incomplete responses to the interrogatories and document request. After a hearing the family court found Father's responses inadequate, held him in willful contempt for failing to comply with the terms of the August 1997 order, and

ordered Father incarcerated for nine months, suspended upon payment to Mother of $5,100.00 in fines and $1,175.00 in attorney fees within thirty days of the order. Further, the family court ordered Father not to leave the state without first posting an appearance bond. Father timely appealed this order.

Approximately two months later, Mother petitioned the family court for a second rule to show cause for Father's alleged continued failure to comply with the August 1997 order and his failure to comply with the mandates of the December 1997 order. After a hearing, the family court issued an order on April 16, 1998, holding Father in contempt for violating both prior orders, ordering Father to pay Mother an additional $5,500 in fines and an additional $850 in attorney fees, withdrawing suspension of Father's nine month sentence of incarceration as set forth in the December 1997 order, sentencing Father to a consecutive three month term of incarceration, and ordering Father's arrest. As a result of the two contempt orders, Father was fined a total of $10,600 [1] and ordered to pay $2,025 in attorney fees. Father timely appealed this order.

While Father's appeals from the contempt orders were pending, the family court held a hearing on Father's underlying action to modify his visitation schedule and Mother's counterclaim for increased child support. When the hearing began, Father's attorney moved for a continuance until after resolution of Father's appeals from the contempt orders. The family court denied the motion.

Father's attorney called no witnesses during the trial, but did submit an amended financial declaration which attested Father was no longer employed and had no income. Mother's testimony proposed changes to Father's visitation schedule and requested that the family court increase Father's child support obligation based on his September 1997 financial declaration, which reflected a $4,583 per month income, rather than the declaration submitted at the hearing. Mother also

---

1. Based on our resolution of the contempt issue, we express no opinion regarding the family court's jurisdiction to assess fines in this amount. *See generally* S.C.Code Ann. § 20-7-1350 (Supp.1999) (prohibiting a family court from imposing a fine for contempt in excess of $1500).

suggested prohibiting Father from exercising visitation until Father resolved the outstanding bench warrant against him.

The family court issued an order modifying Father's visitation schedule but ordered Father's visitation rights suspended pending resolution of the outstanding bench warrant for his arrest. The court also increased Father's child support obligation based on Father's earning capacity as set forth in his September 1997 financial declaration and gave no weight to Father's August 1998 financial declaration. Finally, the court awarded Mother $6,844.65 in attorney fees. The family court denied Father's subsequent motion for reconsideration and this appeal followed.

## STANDARD OF REVIEW

When reviewing an appeal from family court, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence. *Taylor v. Taylor,* 333 S.C. 209, 215, 508 S.E.2d 50, 54 (Ct.App.1998). However, we are not required to disregard the trial judge's findings who saw and heard the witnesses and was in a better position to evaluate their credibility. *Id.*

## DISCUSSION

### I. Contempt Proceedings

#### A.

Father's initial contention on appeal centers on whether the evidence in the record supports the December 1997 order holding him in contempt for violating the August 1997 order. Assuming without deciding that the family court possessed the authority to issue the August 1997 order, we find the evidence fails to support holding Father in contempt.[2]

---

2. While we express no opinion on the validity of the August 1997 order, because Father failed to appeal it, we note several reasons to question the court's authority to issue such an order. First, a party may not ordinarily receive relief not contemplated in the pleadings. *Gainey v. Gainey,* 279 S.C. 68, 70, 301 S.E.2d 763, 764 (1983). Here, Mother's initial motion to compel sought an order requiring Father to file a financial declaration, but failed to request an order compelling Father to answer interrogatories or produce documents. In fact, the discovery responses were not even due at the time of the motion to compel

Contempt results from the willful disobedience of a court order. *Lindsay v. Lindsay*, 328 S.C. 329, 345, 491 S.E.2d 583, 592 (Ct.App.1997). An act is willful if "done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law." *Spartanburg County Dep't of Soc. Serv. v. Padgett*, 296 S.C. 79, 82–3, 370 S.E.2d 872, 874 (1988) (quoting Black's Law Dictionary 1434 (5th ed.1979)). Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct. *Id.* at 83, 370 S.E.2d at 874. A determination of contempt is within the sound discretion of the trial judge but will be reversed when the finding is without evidentiary support or there is an abuse of discretion. *Id.* at 83, 370 S.E.2d at 874–75.

The August 1997 order stated that Father would be sanctioned fifty dollars per day "for every day after September 1, 1997 that he does not *respond* to discovery and submit a sworn financial declaration to the court and [Mother's] attorney." Father did not receive the August 1997 order until August 26, a mere six days before discovery was due and sanctions were to be imposed. Nevertheless, Father attempted to comply with Mother's discovery requests and mailed partial discovery responses only one day late. Father's responses included an explanation that the remaining documents were in storage and he wished to consult an attorney before

---

hearing. Consequently, the discovery issues were not properly before the family court. Second, due process requires that a litigant be placed on notice of the issues which the court will consider to afford the litigant an opportunity to be heard. *Abbott v. Gore*, 304 S.C. 116, 119, 403 S.E.2d 154, 156 (Ct.App.1991). Because Father never received notice that at the hearing he would be required to address discovery issues relating to the interrogatories and document request, and the family court is limited by the scope of due process, the court's order treads perilously close to violating fundamental notions of due process. *See Abbott*, 304 S.C. at 119, 403 S.E.2d at 156. Third, a family court is statutorily prohibited from imposing a contempt sanction exceeding $1500. S.C.Code Ann. § 20-7-1350 (Supp.1999). Fourth, there is no basis for concluding the minor deficiencies in Father's discovery responses authorized imposing a fifty dollar per day penalty as a discovery sanction. *See* Rule 37, SCRCP (providing for a court to award a party reasonable expenses, including attorney fees, caused by the failure to answer discovery requests).

setting forth a proposed visitation schedule. Mother's attorney received Father's responses and explanation on September 5 yet never contacted Father until filing a rule to show cause almost two months later.

Under our view of the evidence, Father sufficiently "responded" to the discovery requests to disprove the element of willfulness necessary for a contempt finding. Furthermore, we question the efficacy of proceeding in contempt when Rule 37, SCRCP,[3] provides a constellation of sanctions for a party's refusal to comply with discovery requests. Therefore, under these facts and circumstances, we hold the family court erred in finding Father in contempt for violating the August 1997 order and reverse the December 1997 order holding Father in contempt.

## B.

Father next challenges the April 1999 order holding him in contempt. We vacate this order for lack of jurisdiction.

Generally, serving notice of appeal divests the lower court of jurisdiction over the order appealed, except for matters not affected by the appeal. *Jackson v. Speed,* 326 S.C. 289, 311, 486 S.E.2d 750, 761 (1997); Rule 205, SCACR ("Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal .... Nothing in these Rules shall prohibit the lower court ... from proceeding with matters not affected by the appeal."). However, an order ruling a person in civil contempt is not automatically stayed by filing an appeal. *In Matter of Decker,* 322 S.C. 212, 214, 471 S.E.2d 459, 461 (1995). The December 1997 contempt order at issue here, however, clearly involved criminal contempt.

Even though Father could avoid imprisonment by paying the fifty dollar per day sanction, Father could not expunge the sanction itself. Therefore, the clear purpose for the fine was "to punish for disobedience of [the court's] orders," thereby amounting to a criminal contempt sanction. *See Poston v. Poston,* 331 S.C. 106, 111, 502 S.E.2d 86, 88 (1998); *see also Hicks v. Feiock,* 485 U.S. 624, 633, 108 S.Ct. 1423, 99 L.Ed.2d

---

**3.** Rule 37, SCRCP, applies to family courts. Rule 2, SCRFC.

721 (1988) ("An unconditional penalty is criminal in nature because it is 'solely and exclusively punitive in nature.' "(internal citation omitted)).

Moreover, the December 1997 order was based on the August 1997 order and, therefore, it strains credulity to argue the August 1997 order was not "affected" by appealing the December 1997 order. Accordingly, any argument that the April 1999 order could still enforce the August 1997 order despite Father's appeal is without merit. Because Father timely appealed the December 1997 order the family court lacked jurisdiction to issue the April 1999 order holding Father in contempt. *See Hooper v. Rockwell*, 334 S.C. 281, 291, 513 S.E.2d 358, 364 (1999) (noting a contempt order is immediately appealable).

## II. Visitation and Child Support Proceedings

Father asserts the family court erred in failing to grant his motion for a continuance on the action to modify his visitation schedule and Mother's counterclaim for increased child support. Specifically, Father asserts he was prejudiced by the court's denial of his motion for continuance because the court based its award of attorney fees, in part, on the unresolved contempt actions. We agree.

Deciding whether to grant or deny a motion for continuance rests within the sound discretion of the trial court. *Jackson*, 326 S.C. at 309, 486 S.E.2d at 760. We will not reverse the trial court without a clear showing of an abuse of discretion. *Id.*

Although the family court's order specifically stated that the amount of the award "does not include the attorneys fees incurred in connection with [Father's] appeals, or any amounts previously awarded to [Mother]," the order also stated that the award of attorney fees was based, in part, on Father's "misconduct and behavior through the course of this case." The order also suspended Father's visitation rights until Father resolved the bench warrant stemming from the contempt proceedings. Furthermore, in denying Father's motion for reconsideration, the court stated the attorney fees award was justified because "[Father] unreasonably refused to follow the previous Orders of this Court." Despite the family court's

attempt to distinguish the contempt proceedings from the underlying action, we find the prior contempt proceedings infected the action for modified visitation and increased child support to the extent that the family court's failure to grant a continuance amounted to an abuse of discretion. In light of our holding in Part I, that Father did not unreasonably refuse to follow prior court orders or thwart court authority, the trial judge's refusal to grant a continuance severely prejudiced Father and warrants reversal.

Because we find the family court abused its discretion in denying Father's motion for a continuance, we reverse and remand the family court's order altering visitation, increasing Father's child support obligations, and awarding Mother attorney fees.

For the foregoing reasons, the decision of the family court is **REVERSED AND REMANDED.**

STILWELL, J., and MOREHEAD, Acting Judge, concur.