THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert J. Cantrell,       
Appellant,
 
 
 

v.

 
 
 
Carol C. Watts, F/K/A Carol C. Cantrell,       
Respondent.
 
 
 

Appeal From Anderson County
Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2004-UP-324
Submitted March 19, 2004  Filed May 
 14, 2004

AFFIRMED

 
 
 
Charles W. Whiten, of Anderson, for Appellant.
Carolyn G. Baird, of Anderson, for Respondent.
 
 
 

PER CURIAM: Robert Cantrell appeals, arguing 
 the trial court erred by holding him in contempt of court for failing to take 
 a drug test within 10 days as required by court order.  We affirm.[1] 
LAW/ANALYSIS
We affirm pursuant to Rule 220(b)(2), SCACR, and the 
 following authorities:  I. As to the contempt order: see Wilson v. 
 Walker, 340 S.C. 531, 537, 532 S.E.2d 19, 21-22 (Ct. App. 2000) (noting 
 that in an appeal from an order of the family court, this court has jurisdiction 
 to find facts based on its own view of the preponderance of the evidence; however, 
 this court is not required to disregard the trial judges findings who saw and 
 heard the witnesses and was in a better position to evaluate their credibility); 
 State v. Bevilacqua, 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 
 1994) (A determination of contempt ordinarily resides in the sound discretion 
 of the trial judge.).  II. As to the willfulness of Cantrells actions: see 
 S.C. Code Ann. § 20-7-1350 (Supp. 2003) (An adult who willfully violates, neglects, 
 or refuses to obey or perform a lawful order of the court . . . may be proceeded 
 against for contempt of court.); Bevilacqua, 316 S.C. at 129, 447 S.E.2d 
 at 217 (citing Spartanburg County Dept of Social Servs. v. Padgett, 
 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)) (A willful act is defined as 
 one done voluntarily and intentionally with the specific intent to do something 
 the law forbids, or with the specific intent to fail to do something the law 
 requires to be done; that is to say with bad purpose either to disobey or disregard 
 the law. )  
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur. 

 
 [1] 
 We decide this case without oral argument pursuant to Rules 215 
 and 220(b)(2), SCACR.