THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Dymaris McFarlin, Respondent,
 
 
 

v.

 
 
 
 Charles M. McFarlin, Appellant.
 
 
 

Appeal From Anderson County
 Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2005-UP-378
Submitted May 1, 2005  Filed June 13, 2005

AFFIRMED

 
 
 
 William Patrick Yon, of Anderson, for Appellant.
 William N. Epps, Jr., of Anderson, for Respondent.
 
 
 

PER CURIAM:  In this domestic action, Charles McFarlin (Husband) appeals a family court order holding him in contempt for violations of an earlier temporary order.  We affirm.[1] 
FACTS

On April 2, 2003, Dymaris McFarlin (Wife) filed a complaint for divorce and a motion for temporary relief against Husband.  After a hearing on her request for temporary relief, the family court issued a temporary order awarding Wife possession of the marital home and ordering Husband to bring the mortgage current as of May 1, 2003, with Wife bearing responsibility for the mortgage thereafter.  The family court further ordered Husband to pay $2,000 per month in alimony beginning May 1, 2003, with the express qualification that the court could grant Husband reimbursement of this alimony upon a hearing on the merits of the underlying divorce action.  
On June 3, 2003, Wife filed a rule to show cause against Husband, alleging he failed to comply with the temporary order.  Wife asserted Husband failed to bring the mortgage current as of May 1, 2003, causing the mortgage holder to foreclose, and that he refused to make alimony payments.  Husband denied Wifes allegations, arguing he did not willfully violate the temporary order, but was unable to make the payments due to disability and an erroneous calculation of his income.  Husband also alleged that Wife committed fraud on the court by falsifying e-mails to support an untruthful adultery allegation. 
After a hearing on July 30, 2003, the family court found Husband was capable of making the mortgage payments through May 1 and held him in willful contempt.  Husband was sentenced to six months in jail, suspended upon payment of the mortgage up to the specified date within 45 days of the contempt order.   
Based upon Husbands reported earnings from April 2003 through the end of July, the family court also found Husband in willful contempt of the temporary alimony order and sentenced him to six months in jail, suspended upon payment of half the $6,000 arrearage.  Due to Husbands documented minor knee surgery, the family court held the remainder of the arrearage in abeyance until the final hearing and ordered that Husband pay only $850 per month from August 1 until October 31, 2003.  Husbands motion to reconsider was denied.  This appeal followed.     
STANDARD OF REVIEW
On appeal from the family court, this court has jurisdiction to find facts in accordance with our own view of the preponderance of the evidence. Murdock v. Murdock, 338 S.C. 322, 328, 526 S.E.2d 241, 244-45 (Ct. App. 1999). A finding of contempt, however, should not be reversed on appeal unless it is without evidentiary support or amounts to an abuse of discretion. Stone v. Reddix-Smalls, 295 S.C. 514, 516, 369 S.E.2d 840, 840 (1988).
 LAW/ANALYSIS
Husband argues the family court erred in finding him in contempt because the evidence presented at the hearing did not support a finding that he willfully violated the temporary order.  We disagree.[2]
Section 20-7-1350 of the South Carolina Code (Supp. 2004) states that an adult who willfully violates, neglects, or refuses to obey or perform a lawful order of the court . . . may be proceeded against for contempt of court.  For the purposes of determining contempt, [a]n act is willful if done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.  Wilson v. Walker, 340 S.C. 531, 538, 532 S.E.2d 19, 22 (Ct. App. 2000) (quoting Spartanburg County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988)).  The moving party must show the existence of a court order and facts establishing the respondents noncompliance with the order.  Lindsay v. Lindsay, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997).  Thereafter,  the burden shifts to the respondent to establish his defense and inability to comply.  Henderson v. Henderson, 298 S.C. 190, 197, 379 S.E.2d 125, 129 (1989).  The record must clearly and specifically reflect the contemptuous conduct before a party may be held in contempt.  Id.
In the present case, the temporary order clearly mandates that Husband bring the mortgage current as of May 1, 2003 and pay Wife $2000 per month in alimony.  Husband did not deny his failure to comply with the order, but asserted the violations were not willful because of his financial situation. A review of the record reveals substantial evidence supporting the family courts finding of willful contempt.  Husband testified that he earned $15,983 from April 21 to July 21, 2003, the time period in question.  Although Husband had sufficient income to comply with the family courts order, he chose to use his income for other purposes.  Husband was clearly capable of paying for goods and services such as utilities, groceries, a private detective, and his attorney, but did not attempt to pay any portion of the money he owed to Wife.  Based upon these facts, we find the record clearly and specifically reflects Husbands contemptuous behavior, and Husband did not meet his burden in proving he was unable to comply.
Husband also contends that Wifes unilateral listing of the marital home for sale at an inflated price has negatively affected his ability to comply with the temporary order.  This issue, however, was satisfactorily resolved by the family courts contempt order.  Paragraph 10 of the family courts order states the following:
As to the sale of the marital home, I find that [Husband] shall have full rights to meet with the listing realtor for a discussion of sales price.  If the parties cannot agree on the fair market price to be asked for the home, either party may make a Motion to submit that issue to the Court for determination.
As to the affect of Wifes alleged unilateral insistence on asking an unreasonably high price for the home on Husbands past ability to comply with the temporary order, the family court found Husband was able to comply notwithstanding Wifes behavior.  As discussed above, the evidence supported this finding. 
For the foregoing reasons, the family courts contempt order is
AFFIRMED.
ANDERSON, STILWELL, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Husband also makes several arguments relating to the merits of Wifes allegations of adultery as a ground for divorce.  These issues are not presently ripe for our review.  The purpose of a temporary order is to maintain the status quo until the issues of a case can be determined in a family court hearing on their merits.  The present order expressly reserves the family courts power to reimburse Husband all payments made pursuant to the temporary order following a hearing on the validity of Wifes allegations.  Because these issues have yet to be resolved in their proper forum, a divorce hearing in the family court, we do not address them here.