**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Reda Reilly, Respondent,

v.

Kevin Reilly, Appellant.

Appellate Case No. 2012-212002

Appeal From Greenville County
Alex Kinlaw, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-173
Submitted March 1, 2014 – Filed April 23, 2014

**AFFIRMED**

Kevin Reilly, pro se, of Pelzer.

Reda Reilly, pro se, of Taylors.

**PER CURIAM:** Kevin Reilly appeals the family court's final order of divorce, arguing the family court erred in (1) granting his guardian ad litem's (GAL's) motion to be relieved, (2) denying his motion for a continuance, (3) holding him to the same standard of performance as an attorney, and (4) distributing the marital estate in an unfair and inequitable way. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in denying Reilly's motion for a continuance as alleged in Issue 2: *Wilson v. Walker*, 340 S.C. 531, 540, 532 S.E.2d 19, 23 (Ct. App. 2000) ("Deciding whether to grant or deny a motion for continuance rests within the sound discretion of the [family] court."); *id.* ("We will not reverse the [family] court without a clear showing of an abuse of discretion."); Rule 6(d), SCRCP ("A written motion other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by an order of the court."); *Rouvet v. Rouvet*, 388 S.C. 301, 310, 696 S.E.2d 204, 208 (Ct. App. 2010) ("[L]ack of familiarity with legal proceedings is not an acceptable excuse and the court will hold a layman to the same standard as an attorney.").

2. As to Issues 1, 3, and 4: *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *id.* at 212, 634 S.E.2d at 55 ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.