**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tiffany Boyce, Respondent,

v.

Lauren Nelson, Appellant.

Appellate Case No. 2013-002072

Appeal From Lexington County
Kellum W. Allen, Family Court Judge

Unpublished Opinion No. 2015-UP-420
Submitted June 1, 2015 – Filed August 12, 2015

**APPEAL DISMISSED**

Thomas M. Neal, III, of the Law Offices of Thomas M. Neal, III, and Elnora Jones Dean, of the Law Offices of Elnora J. Dean, PA, both of Columbia, for Appellant.

Rebecca Brown West, of Harling & West, LLC, and Ashby Lawton Jones, of Kinard & Jones, LLC, both of Lexington, for Respondent.

**PER CURIAM:** Lauren Nelson appeals the family court's temporary order requiring her to advance $12,000 in attorney's fees to Tiffany Boyce. Our review

of the final order shows the family court considered the advancement of legal fees when determining the amount of attorney's fees to award at the final hearing. Nelson does not argue the fees awarded at the final hearing were unsupported by the facts; she merely asserts the family court erred in awarding the advancement of attorney's fees at the temporary hearing. Because Nelson did not challenge the award of attorney's fees at the final hearing, this court cannot grant any effectual relief. *See Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling. Failure to challenge the ruling is an abandonment of the issue and precludes consideration on appeal. The unchallenged ruling, right or wrong, is the law of the case and requires affirmance." (internal quotation marks and citations omitted)). Thus, we dismiss this appeal as moot. *See Sloan v. Greenville Cnty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy. Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief." (citation omitted)); *Gainey v. Gainey*, 279 S.C. 68, 69, 301 S.E.2d 763, 764 (1983) ("This Court will not issue advisory opinions on questions for which no meaningful relief can be granted.").

**APPEAL DISMISSED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.