**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gwendolyn Sellers, Appellant,

v.

Cleveland Sellers, Jr., Respondent.

Appellate Case No. 2014-001577

---

Appeal From Bamberg County
Vicki J. Snelgrove, Family Court Judge

---

Unpublished Opinion No. 2016-UP-056
Heard January 12, 2016 – Filed February 10, 2016

---

**AFFIRMED**

---

Charles L. Dibble, of Dibble Law Offices, of Columbia, for Appellant.

R. Bentz Kirby and Glenn Walters, Sr., both of Glenn Walters & Associates, PA, of Orangeburg, for Respondent.

---

**PER CURIAM:** In this family court action between Gwendolyn Sellers (Wife) and Cleveland Sellers, Jr. (Husband), Wife appeals the final order, arguing the court erred in (1) failing to order Husband to contribute to Wife's uninsured

medical expenses and denying her post-trial motion;[1] (2) awarding Wife only $4,000 per month in alimony; (3) finding certain property was non-marital; (4) disregarding Wife's testimony regarding attorney's fees; and (5) failing to defer ruling on the prayer for divorce.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the family court erred in failing to order Husband to contribute to Wife's uninsured medical expenses and denying her post-trial motion: Rule 59(a), SCRCP (governing the grounds for a new trial); *Ortowski v. Ortowski*, 237 S.C. 499, 504, 117 S.E.2d 860, 862 (1961) (requiring the movant in a motion for a new trial based on after-discovered evidence to demonstrate the evidence (1) would probably change the result if a new trial is granted, (2) was discovered since the trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material to the issue, and (5) is not merely cumulative or impeaching); s*ee generally Roof v. Steele*, 396 S.C. 373, 382-85, 720 S.E.2d 910, 915-17 (Ct. App. 2011) (discussing modification of alimony for future changes in contemplation of the parties at the time of the divorce that cannot be addressed in the divorce decree).

2.      As to whether the family court erred in awarding Wife only $4,000 per month in alimony:  *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Mick-Skaggs v. Skaggs*, 411 S.C. 94, 101, 766 S.E.2d 870, 873 (Ct. App. 2014) (stating de novo review does not relieve an appellant of demonstrating error or require the reviewing court to ignore the findings of the family court); *Browder v. Browder*, 382 S.C. 512, 519, 675 S.E.2d 820, 823 (Ct. App. 2009) (noting if a claim is well founded, the family court must make an alimony award that is fit, equitable, and just); S.C. Code Ann. § 20-3-130(C) (2014) (listing factors the family court must consider when making an award of alimony).

3.      As to whether the family court erred in finding certain property was non-marital: *Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013) ("A party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital."); *Greene v. Greene*, 351 S.C. 329, 336, 569 S.E.2d 393, 397 (Ct. App. 2002) (stating inclusion of property on the marital

---

[1] Wife combines her first and second issues.

property addendum of a financial declaration is not necessarily a stipulation that the property is marital).

4.     As to whether the family court erred in disregarding Wife's testimony regarding attorney's fees: *Gainey v. Gainey*, 279 S.C. 68, 70, 301 S.E.2d 763, 764 (1983) ("The petitioner [seeking attorney's fees] also has a burden to show a request for attorney's fees is well-founded."); *Abbott v. Gore*, 304 S.C. 116, 119, 403 S.E.2d 154, 157 (Ct. App. 1991) ("A party who seeks attorney's fees has the burden to show that request is well-founded and failure to offer any evidence on the issue of attorney's fees precludes an award.").

5.     As to whether the family court erred in failing to defer ruling on the prayer for divorce:  *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[A]n issue may not be raised for the first time in a post-trial motion."); *Bodkin v. Bodkin*, 388 S.C. 203, 228, 694 S.E.2d 230, 243 (Ct. App. 2010) (stating any request at the 59(e) stage of the family court proceedings would be untimely when it could have been raised at trial).

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**