**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Neelu Choudhry, Respondent,

v.

Viresh Sinha, Appellant.

Appellate Case No. 2017-001082

———————

Appeal From Richland County
Gwendlyne Y. Jones, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-262
Submitted April 1, 2020 – Filed September 9, 2020
Withdrawn, Substituted, and Refiled December 16, 2020

———————

**AFFIRMED**

———————

Viresh Sinha, of Columbia, pro se.

William Benito Fortino, of Moore Taylor Law Firm, P.A., of West Columbia, for Respondent.

Richard Giles Whiting, of Law Offices of Richard Whiting, of Columbia, as the Guardian ad Litem.

———————

**PER CURIAM:** Viresh Sinha (Father) appeals the family court's order modifying a prior order to award Neelu Choudhry (Mother) sole custody of their minor child

(Child), awarding Mother attorney's fees, holding Father in contempt for failing to pay child support, refusing to hold Mother in contempt for failing to allow FaceTime calls, and ordering Father to pay child support. On appeal, Father argues the family court erred in (1) not allowing evidence of a prior agreement, (2) denying Father's motion for a continuance, (3) holding Father in contempt for not paying child support and denying his oral motion to amend his pleadings to include a cause of action to recalculate his child support, (4) imputing income to Father for purposes of child support and not finding Mother and her attorney committed fraud, (5) awarding attorney's fees and not finding Mother's current attorney, Mother's previous attorney, and the guardian ad litem (GAL) unduly delayed the case, (6) not holding Mother in contempt for not allowing FaceTime calls and failing to follow a February 2016 order, (7) not finding the GAL committed fraud, (8) refusing to allow Father to amend his pleadings, (9) relying on certain witnesses' testimonies, and (10) modifying child custody and making its factual findings. We affirm.

1. The family court did not abuse its discretion in not admitting testimony regarding a prior agreement under Rule 408, SCRE. *See Stoney v. Stoney (Stoney I)*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (stating an appellate court reviews the family court's evidentiary rulings for an abuse of discretion); *Reiss v. Reiss*, 392 S.C. 198, 208, 708 S.E.2d 799, 804 (Ct. App. 2011) ("An abuse of discretion occurs when the family court's ruling is controlled by an error of law or based upon findings of fact that are without evidentiary support."). Evidence of prior agreements or negotiations are not admissible under Rule 408, SCRE, except to show another purpose, such as bias or prejudice, to negate an allegation of undue delay, or to prove an effort to obstruct a criminal investigation. Because Father's purpose to admit evidence about the agreement is insufficient under the rule, the family court properly excluded testimony about the agreement. *See Hunter v. Hyder*, 236 S.C. 378, 387, 114 S.E.2d 493, 497 (1960) ("[C]ompromises are favored and evidence of an offer or attempt to compromise or settle a matter in dispute cannot be given in evidence against the party by whom such offer or attempt was made."); Rule 408, SCRE ("Evidence of conduct or statements made in compromise negotiations is . . . not admissible."); *id.* (stating Rule 408 "does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution"). Additionally, Father's arguments that Mother and her attorney committed fraud and the family court violated Father's First Amendment rights by not allowing him to testify about the agreement are not preserved. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for

appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

2.  The family court did not abuse its discretion in denying Father's motion for a continuance.  Prior to trial, the family court inquired about Father's ability to represent himself, and Father stated he understood he would be held to the same standards as an attorney.  Father moved for a continuance on the third day of trial to hire an attorney.[1]  Based on the family court's inquiry and Father actively participating in trial, we find the family court did not abuse its discretion in denying his motion for a continuance.  *See Stoney I*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (stating an appellate court reviews the family court's procedural rulings for an abuse of discretion); Rule 40(i)(1), SCRCP ("As actions are called, counsel may request that the action be continued.  If good and sufficient cause for continuance is shown, the continuance may be granted by the court."); *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 51, 413 S.E.2d 835, 838 (1992) ("The granting or denial of a continuance is within the sound discretion of the trial [court] and is reviewable on appeal only when an abuse of discretion appears from the record."); *S.C. Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) ("The denial of a motion for a continuance 'will not be upset unless it clearly appears that there was an abuse of discretion to the prejudice of appellant.'" (quoting *Williams v. Bordon's, Inc.*, 274 S.C. 275, 279, 262 S.E.2d 881, 883 (1980))).

3.  The family court did not err in finding Father in willful contempt for failing to pay child support because Father admitted he never paid child support even though the court ordered him to do so.  *See Stoney I*, 422 S.C. at 595-96, 813 S.E.2d at 487 (stating an appellate court reviews the family court's factual and legal issues de novo); *Stoney v. Stoney (Stoney II)*, 425 S.C. 47, 76, 819 S.E.2d 201, 217 (Ct. App. 2018) ("Contempt results from the willful disobedience of an order of the court." (quoting *Bigham v. Bigham*, 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975))), *cert. denied Stoney v. Stoney*, S.C. Sup. Ct. Order dated Jun. 28, 2019; *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))); *Wilson v. Walker*, 340 S.C. 531, 538, 532 S.E.2d 19, 22 (Ct. App. 2000) ("Before a party may be found in contempt, the record must clearly and

---

[1] The family court relieved Father's attorney in August 2016 and gave Father time to obtain new counsel at that time.  However, Father proceeded pro se at trial.

specifically show the contemptuous conduct."). Although Father testified about his reasons for not paying child support, we find these reasons do not justify his failure to pay when the testimony at trial showed he had the ability to pay child support, including Father's testimony that he deposited money into his bank accounts and chose to pay other bills. *See Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman v. Widman*, 348 S.C. 97, 120, 557 S.E.2d 693, 705 (Ct. App. 2001))). Additionally, the family court did not abuse its discretion in denying his oral motion to amend his pleadings to include a cause of action to recalculate his child support. *See Stoney I*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (stating an appellate court reviews the family court's procedural rulings for an abuse of discretion); Rule 15(a), SCRCP (permitting a party to amend his or her pleading "once as a matter of course at any time before or within 30 days after a responsive pleading is served"); *id.* (stating "leave shall be freely given when justice so requires and does not prejudice any other party"); *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 182, 826 S.E.2d 585, 588 (2019) ("A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion.").

4. The family court did not err in imputing income to Father for purposes of child support based on the testimony presented at trial. Although Father testified that he had no income, which the family court found unreliable, Father's bank statements reflected numerous deposits into his personal account. Father also had the ability to earn additional income. *See Stoney I*, 422 S.C. at 595-96, 813 S.E.2d at 487 (stating an appellate court reviews the family court's factual and legal issues de novo); *Marchant v. Marchant*, 390 S.C. 1, 9, 699 S.E.2d 708, 712-13 (Ct. App. 2010) (stating the family court has the authority to impute income to a payor spouse or a supported spouse based on their earning capacity); S.C. Code Ann. Regs. 114-4720(A)(5) (Supp. 2019) ("If the court finds that a parent is voluntarily unemployed or underemployed, it should calculate child support based on a determination of potential income which would otherwise ordinarily be available to the parent."); *Marchant*, 390 S.C. at 10, 699 S.E.2d at 713 (stating that although a court may impute income, "courts are reluctant to invade a party's freedom to pursue the employment path of their own choosing or impose unreasonable demands upon parties" (quoting *Kelley v. Kelley*, 324 S.C. 481, 489, 477 S.E.2d 727, 731 (Ct. App. 1996))); *id.* ("Nonetheless, even otherwise unreviewable career choices are at times outweighed by . . . child support obligations." (quoting *Kelley*, 324 S.C. at 489, 477 S.E.2d at 731)); *Jenkins v. Jenkins*, 401 S.C. 191, 203, 736 S.E.2d 292, 299 (Ct. App. 2012) ("If the obligor spouse has the ability to earn more

income than he is earning, the family court may impute income according to what he could earn by using his best efforts to gain employment equal to his capabilities."). Additionally, Father's arguments that Mother and her attorney committed fraud concerning his income are not preserved for review. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court."); *id.* at 212, 634 S.E.2d at 55 ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review.").

5. The family court did not err in awarding Mother attorney's fees. The family court also did not err in finding Father—rather than the GAL, Mother's prior attorney, and Mother's current attorney—unduly delayed the litigation when awarding Mother attorney's fees. Father had the ability to pay attorney's fees as evidenced by the bank statements provided at the hearing. Additionally, Mother obtained beneficial results overall and had a slightly stronger financial condition than Father after the family court imputed income. Further, the attorney's fee award was reasonable. *See Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019) (stating an appellate court "reviews a family court's award of attorney's fees de novo"); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."); *Stoney II*, 425 S.C. at 79, 819 S.E.2d at 218 ("A party's ability to pay is an essential factor in determining whether an attorney's fee should be awarded, as are the parties' respective financial conditions and the effect of the award on each party's standard of living." (quoting *Rogers v. Rogers*, 343 S.C. 329, 334, 540 S.E.2d 840, 842 (2001))). Additionally, we find Father's argument about undue delay is not preserved for review because he never raised this issue to the family court, the family court did not make a finding on whether the GAL, Mother's current attorney, or Mother's prior attorney unduly delayed the case, and Father did not file a Rule 59(e), SCRCP, motion requesting a finding. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

6. As to whether the GAL committed fraud upon the court, we find this issue not preserved for review. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an

issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

7.  The family court did not err in not finding Mother in willful contempt for not allowing FaceTime calls between Father and Child.  *Stoney I*, 422 S.C. at 595-96, 813 S.E.2d at 487 (stating an appellate court reviews the family court's factual and legal issues de novo); *Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins*, 359 S.C. at 501, 597 S.E.2d at 899)); *Wilson*, 340 S.C. at 538, 532 S.E.2d at 22 ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct.").  Mother testified she spoke with her attorney to set up a schedule for FaceTime calls and believed a schedule had been established; however, Father did not call on the scheduled days nor request any other time for FaceTime calls.  Because Mother testified she attempted to set up a schedule with Father and he did not call on the designated days, we find the family court did not err in not holding her in contempt.  *See Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman*, 348 S.C. at 120, 557 S.E.2d at 705)).

8.  The family court did not err in refusing to allow Father to amend his pleadings to include a contempt action against Mother for failing to notify him of Child's medical appointments, and therefore, not holding Mother in contempt.  The family court properly limited Father's testimony to the allegations set forth in his pleadings.  *See Stoney I*, 422 S.C. at 594 n.2, 813 S.E.2d at 486 n.2 (stating an appellate court reviews the family court's procedural rulings for an abuse of discretion); Rule 14(a), SCFCR ("Except for direct contempt of court, contempt of court proceedings shall be initiated only by a rule to show cause duly issued and served in accordance with the provisions hereof."); Rule 14(c), SCFCR ("No rule to show cause shall be issued unless based upon and supported by an affidavit or verified petition, unless issued by the judge *sua sponte*.").

9.  The family court did not err in relying on certain witnesses' testimonies.  *See Stoney I*, 422 S.C. at 595-96, 813 S.E.2d at 487 (stating an appellate court reviews the family court's factual and legal issues de novo); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011) (finding an appellate court is allowed to make its own findings of fact; however, it is not required to ignore the family court's superior position to make credibility determinations); *Ashburn v. Rogers*,

420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) (stating "the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed"). Additionally, regarding Father's argument about whether the family court erred in qualifying Dr. Jennifer Savitz, we find Father waived any objection he may have had when he told the family court he did not have an objection when Mother offered her as an expert.

10. The family court did not err in finding a substantial change of circumstances to warrant a modification of child custody because the testimony at the hearing showed Child needed stability and a week-to-week custody arrangement was inconsistent and unstable for Child. Further, several witnesses testified about Child's behavior towards Mother and Father's aggressive behavior towards others. Therefore, we find the family court did not err in modifying custody. *See Stoney I*, 422 S.C. at 595-96, 813 S.E.2d at 487 (stating an appellate court reviews the family court's factual and legal issues de novo); *Clark v. Clark*, 423 S.C. 596, 604, 815 S.E.2d 772, 776 (Ct. App. 2018) ("The paramount and controlling factor in every custody dispute is the best interest[] of the [child]." (quoting *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004))); S.C. Code Ann. § 63-15-240(B) (Supp. 2019) (stating the family court considers many factors, including the best interest of the child, when modifying a custody order); *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("In order for a court to grant a change in custody, there must be a showing of changed circumstances occurring subsequent to the entry of the [custody order]."); *id.* ("A change in circumstances justifying a change in the custody of a child simply means that sufficient facts have been shown to warrant the conclusion that the best interests of the child[] would be served by the change." (quoting *Stutz v. Funderburk*, 272 S.C. 273, 278, 252 S.E.2d 32, 34 (1979))); *id.* ("The change of circumstances relied on for a change of custody must be such as would substantially affect the interest and welfare of the child."); *Allison v. Eudy*, 330 S.C. 427, 429, 499 S.E.2d 227, 228 (Ct. App. 1998) ("This requirement applies to cases in which a parent seeks to alter a joint custody arrangement."). Additionally, we find the family court did not err in finding Father was aggressive and confrontational in light of all of the testimony presented at trial. *See Lewis*, 392 S.C. at 384-85, 709 S.E.2d at 651-52 (stating an appellate court is allowed to make its own findings of fact; however, it is not required to ignore the family court's superior position to make credibility determinations); *Ashburn*, 420 S.C. at 416, 803 S.E.2d at 471 (stating "the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed").

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.