**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

David Edward Martin, Appellant,

v.

Roxanne Allen, Respondent.

Appellate Case No. 2019-000696

———————

Appeal From Orangeburg County
Vicki J. Snelgrove, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-385
Submitted October 1, 2021 – Filed November 3, 2021

———————

**AFFIRMED**

———————

Karen Fryar Bloom, of Karen Fryar Bloom, Attorney At Law, and Mary Cecelia Robinson, both of Columbia, for Appellant.

Lakesha W. Jeffries, of Jeffries Law Firm, LLC, of Orangeburg, for Respondent.

———————

**PER CURIAM:** David Edward Martin appeals the family court's order holding him in contempt for failing to pay court-ordered attorney's fees. On appeal, Martin argues the family court erred in holding him in contempt because Roxanne Allen failed to show his failure to pay was willful, he did not receive adequate notice that

a payment plan would be unacceptable, and he did not receive notice that his ability to pay in full would be the critical issue at the hearing. Martin further asserts the family court violated his constitutional rights by treating attorneys differently than other creditors in terms of debt collection. We affirm.

1. We find the family court did not err in finding Martin in willful contempt for failing to pay attorney's fees because Allen testified Martin failed to pay court-ordered attorney's fees. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (stating an appellate court reviews the family court's decisions de novo); *Stoney v. Stoney*, 425 S.C. 47, 62, 819 S.E.2d 201, 209 (Ct. App. 2018) (stating de novo review "does not require an appellate court to disregard the factual findings below or ignore the fact that the trial judge is in the better position to assess the credibility of the witnesses" (quoting *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001))); *Ashburn v. Rogers*, 420 S.C. 411, 416, 803 S.E.2d 469, 471 (Ct. App. 2017) ("Consistent with this de novo review, the appellant retains the burden to show that the family court's findings are not supported by a preponderance of the evidence; otherwise, the findings will be affirmed."); *Bigham v. Bigham*, 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975) ("Contempt results from the willful disobedience of an order of the court."); *Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))); *Wilson v. Walker*, 340 S.C. 531, 538, 532 S.E.2d 19, 22 (Ct. App. 2000) ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct."). Although Martin testified he contacted Allen's attorney at some point during the month before the deadline, we find Martin's testimony did not justify his failure to pay when other testimony at the hearing showed Martin had the ability to pay attorney's fees, including Martin's testimony he received in excess of $2,500 from a tax refund and did not use the funds to satisfy his obligation. *See Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Once the moving party has made out a prima facie case, the burden then shifts to the respondent to establish his or her defense and inability to comply with the order." (quoting *Widman v. Widman*, 348 S.C. 97, 120, 557 S.E.2d 693, 705 (Ct. App. 2001))). Additionally, to the extent Martin argues he did not receive adequate notice, we find this issue was not raised to and ruled upon by the family court; therefore, it is not preserved for appellate review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."); *Bakala v. Bakala*,

352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) ("A due process claim raised for the first time on appeal is not preserved.").[1]

2.  As to whether the family court violated his constitutional rights to due process and equal protection when it found him in contempt, we find this issue is not preserved for review because it was not raised to and ruled upon by the family court.  *See Doe*, 370 S.C. at 212, 634 S.E.2d at 54 ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] Further, to the extent Martin argues the family court erred in holding him in contempt because it did not provide safeguards as discussed in *Turner v. Rogers*, we disagree.  564 U.S. 431, 447-48 (2011) (discussing safeguards the family court can employ when an indigent litigant appears pro se and finding Turner was not provided safeguards *like* those discussed in the case).  Here, Martin received adequate notice; relevant financial information was elicited at the hearing; Martin had an opportunity to cross-examine Allen, testify about his financial status, and answer questions posed by Allen's attorney and the family court; and the family court found Martin received in excess of $2,000 in a tax refund and earned the same income as he did when he agreed to pay attorney's fees.  Thus, we find Martin was provided adequate safeguards.  *See id.* (stating counsel need not be appointed to represent an indigent party when the other party is not represented by counsel and alternative procedural safeguards equivalent to the following are provided: "(1) notice to the defendant that his 'ability to pay' is a critical issue in the contempt proceeding; (2) the use of a form (or the equivalent) to elicit relevant financial information; (3) an opportunity at the hearing for the defendant to respond to statements and questions about his financial status (e.g., those triggered by his responses on the form); and (4) an express finding by the court that the defendant has the ability to pay").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.