22482

Sharon M. PHILLIPS, Respondent v. Robert B. PHILLIPS, Jr., Opal B. Phillips, and Robert B. Phillips, Sr., Appellants.

(341 S. E. (2d) 132)

Supreme Court

*Mitchell K. Byrd,* of *Byrd & Byrd,* Rock Hill, *for appellants.*

*Thomas F. McDow,* Rock Hill, *for respondent.*

Heard Jan. 20, 1986.

Decided Feb. 26, 1986.

HARWELL, Justice:

Appellant Opal B. Phillips[1] was held in contempt for failure to produce the minor child for court hearings. Appellants contend that the contempt orders were improperly issued. We agree and reverse.

Appellant Opal B. Phillips is the grandmother of a minor child who has been the subject of a custody battle since 1979. On March 17, 1979, the parents signed a separation agreement which gave care, custody, and control of the child to the father. At this time, the child began living with her paternal grandparents. The child resided with her grandparents until February 13, 1984, at which time she was moved outside the state by her father.

During the years the child lived with her grandparents, the parents were involved in a custody battle. The mother received a North Carolina court order granting her custody, child support, and attorney fees. The mother sought to enforce this order in South Carolina. A show cause hearing was held in York County on April 27, 1983. The grandmother made a special appearance to contest the court's jurisdiction. The court denied the grandmother's motions and orally ordered the grandmother to bring the child to the next court hearing. The written order, which was not filed until Sep-

---

[1] Robert B. Phillips, Jr. and Robert B. Phillips, Sr. are nominal appellants in the case at bar.

tember 23, 1983, is silent as to any requirement that the grandmother produce the child at any subsequent hearing.

Respondent's counsel scheduled a hearing in Union, rather than York, County. Even though the objection of improper venue was sustained, the court held grandmother in contempt for her failure to appear with the minor child and ordered her to be held in the York County jail for ten days. The court said that she could purge herself of contempt by paying respondent's travel expenses and attorney fees. Subsequently, the court issued an amended order permitting the grandmother to post a cash bond. Grandmother served ten days in the York County jail. During this period of incarceration, her son removed the minor child from the state.

On March 8, 1984, the court telephoned the grandmother's attorney and notified him to be present at a hearing at 3:30 p.m. that same day. The attorney was told to notify his client of the hearing. Counsel appeared to contest the hearing based on lack of proper notice. Neither the grandmother nor the child appeared. The court ordered the arrest and incarceration of the grandmother and ordered that the child be brought before the court.

On March 9, 1984, the court, on its own motion, inquired into the child's whereabouts and found that her father had taken her out of the state. On March 12, 1984, the court ordered that the grandmother be remanded to the custody of the York County sheriff pending delivery of the child to the court. The grandmother's attorney renewed his motion for continuance based on lack of notice and also moved for the court to grant bond. Both motions were denied. The grandmother filed a Notice of Intent to Appeal and moved for a stay.

On March 20, 1984, we ordered that the grandmother be released from custody upon posting bond. We stated that the March 13, 1984 contempt order had been automatically stayed for the filing of the Notice of Intent to Appeal. The portion of the January 20, 1984 order compelling the grandmother to bring the child to any subsequent hearings was superseded pending appeal.

Appellants first contend that the lower court erred in holding the grandmother in contempt for her failure to appear with the child at the December 20, 1983 hearing since

she was not commanded in clear and certain terms that she must bring the child to the hearing. We agree.

Nowhere in the order of September 23, 1983 does the court state in definite terms that the grandmother must bring the minor child to future hearings. The only portion of the court's order which even relates to this issue states, "This order is written confirmation of this court's oral rulings and orders from the April 27, 1983 hearing. The transcript of that hearing is incorporated by reference. . . . All of the rulings and orders found in the transcript of the April 27, 1983 hearing are affirmed."

A court need go no further in reviewing the evidence in a contempt action when there is uncertainty in the commands of an order. 17 Am Jur. (2d) *Contempt* § 52 (1964). This Court has explicitly stated, "One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied." *Welchel v. Boyter*, 260 S. C. 418, 421, 196 S. E (2d) 496, 498 (1973). The lower court, therefore, erred in holding appellant grandmother in contempt for failing to bring the child to the December 10, 1983 hearing.

Appellants' second contention is that the lower court erred in incarcerating and holding the grandmother in contempt without bond on March 8, 1984 and March 12, 1984, since she did not possess the present means to bring about compliance. We agree.

While the grandmother was in jail under the first contempt order, her son removed his daughter from the state. The court became aware of this on March 9, 1984. Nevertheless, on March 12, 1984, the court ordered the grandmother to be remanded to the custody of the sheriff's department pending the delivery of the child to the court.

The courts have unambiguously held that "coercive imprisonment as applied to civil contempt depends upon the ability of the contemnor to comply with the court's order." *Shillitani v. U. S.*, 384 U. S. 364, 371, 86 S. Ct. 1531, 1536, 16 L.Ed (2d) 622 (1966).[2] *See also Jackson v. Jackson*, 241 S. C. 1,

---

[2] The *Shillitani* test to determine whether contempt is civil or criminal is: What does the court primarily seek to accomplish by imposing the sentence? In this case, it is clear that the lower court sought the production of the child by the grandmother. The contempt was therefore civil.

15, 126 S. E. (2d) 855, 863 (1962). Appellant grandmother was without means to comply with the family court's order since the child had been removed from the state by her father. The lower court was in error in holding the grandmother in civil contempt since she was helpless to purge herself of the contempt.

It is not necessary for us to reach the appellants' remaining exceptions.

Reversed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.