**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jessica Dalton McCurry, Appellant,

v.

James Tierce McCurry, Respondent.

Appellate Case No. 2021-001030

———————

Appeal From Greenville County
Thomas T. Hodges, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-100
Submitted February 1, 2023 – Filed March 15, 2023

———————

**AFFIRMED**

———————

Kimberly F. Dunham, of Greenville, for Appellant.

Oscar W. Bannister, of Bannister, Wyatt & Stalvey, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** Jessica McCurry (Mother) appeals a family court order, arguing the court erred in (1) refusing to hold James McCurry (Father) in contempt for interfering with her legal decision-making authority when he registered the parties' minor child (Child) for T-ball; (2) refusing to find Father in violation of a provision of the order that required the parties to keep Child in a moral and safe environment; and (3) awarding her only a portion of her requested attorney's fees.

We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the family court did not err in refusing to hold Father in contempt for interfering with Mother's legal decision-making authority by registering Child for T-ball.  *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (stating an appellate court reviews decisions of the family court de novo); S.C. Code Ann. § 63-3-620 (Supp. 2022) ("An adult who wilfully violates, neglects, or refuses to obey or perform a lawful order of the court . . . may be proceeded against for contempt of court."); *Widman v. Widman*, 348 S.C. 97, 119-20, 557 S.E.2d 693, 705 (Ct. App. 2001) ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done . . . .'" (quoting *Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 296 S.C. 79, 82-83, 370 S.E.2d 872, 874 (1988))); *Wilson v. Walker*, 340 S.C. 531, 538, 532 S.E.2d 19, 22 (Ct. App. 2000) ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct."); S.C. Code Ann. § 63-15-210 (Supp. 2022) (defining joint custody as "both parents hav[ing] equal rights and responsibilities for major decisions concerning the child, including the child's education, medical and dental care, extracurricular activities, and religious training"); *id.* (stating "a judge may designate one parent to have sole authority to make specific, identified decisions while both parents retain equal rights and responsibilities for all other decisions"); S.C. Code Ann. § 63-15-240(A)(3) (Supp. 2022) ("In issuing or modifying an order for custody affecting the rights and responsibilities of the parents, the order may include, but is not limited to: . . . the award of *joint custody*, in which case the order *must* include: (a) residential arrangements with each parent in accordance with the needs of each child; and (b) how consultations and communications between the parents will take place, generally and specifically, with regard to major decisions concerning the child's health, medical and dental care, education, extracurricular activities, and religious training . . . ." (emphasis added)); *Taylor v. Taylor*, 434 S.C. 307, 317, 863 S.E.2d 335, 340 (Ct. App. 2021) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do.  The language of the commands must be clear and certain rather than implied." (quoting *Phillips v. Phillips*, 288 S.C. 185, 188, 341 S.E.2d 132, 133 (1986))); *id.* ("A court need go no further in reviewing the evidence in a contempt action when there is uncertainty in the commands of an order.").

2.  We hold the family court did not err in refusing to find Father violated the order by allowing Child to spend the night at Child's paternal aunt's house.  *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 (stating an appellate court reviews decisions of

the family court de novo); *Widman*, 348 S.C. at 119, 557 S.E.2d at 705 ("Contempt results from the willful disobedience of a court order, and before a court may find a person in contempt, the record must clearly and specifically reflect the contemptuous conduct."); *id.* at 119-20, 557 S.E.2d at 705 ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done . . . .'" (quoting *Spartanburg Cnty. Dep't of Soc. Servs.*, 296 S.C. at 82-83, 370 S.E.2d at 874)); *Taylor*, 434 S.C. at 317, 863 S.E.2d at 339 ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied." (quoting *Phillips*, 288 S.C. at 188, 341 S.E.2d at 133)); *id.* at 321, 863 S.E.2d at 342 (finding the family court erred in holding mother in contempt regarding visitation on the child's birthday because the order did not provide how the parents were supposed to conduct visitation when the child's birthday fell on the weekend); *id.* at 317, 863 S.E.2d at 340 ("A court need go no further in reviewing the evidence in a contempt action when there is uncertainty in the commands of an order." (quoting *Phillips*, 288 S.C. at 188, 341 S.E.2d at 133)).

3. We hold Mother's argument that the family court applied the wrong standard when awarding attorney's fees is not preserved for review. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."). Because we hold the family court did not err in refusing to hold Father in contempt, we hold Mother is not entitled to additional attorney's fees.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.