**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cynthia Strong, Appellant,

v.

Jack W. Strong, Respondent.

Appellate Case No. 2023-001517

———————

Appeal From Williamsburg County
Thomas M. Bultman, Family Court Judge
Gordon B. Jenkinson, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-134
Submitted April 16, 2025 – Filed April 23, 2025

———————

**AFFIRMED**

———————

Mary Amanda Harrelson Shuler, of Whetstone Perkins & Fulda, LLC, of Kingstree, for Appellant.

Michele Dahl Sturkie, of Sturkie Law, LLC, of Florence, for Respondent.

———————

**PER CURIAM:** Cynthia Strong (Wife) appeals a family court order declining to hold Jack W. Strong (Husband) in contempt. On appeal, Wife argues the family court erred in (1) determining the divorce decree and final order approving an amended property agreement (the Decree) contained inconsistent language and (2)

refusing to hold Husband in contempt for failing to abide by the Decree. We affirm pursuant to Rule 220(b), SCACR.

We hold the family court did not err in determining the Decree contained inconsistent language and refusing to hold Husband in contempt for failing to pay Wife $2,500 in monthly payments. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (stating an appellate court has the ability to find facts in accordance with its own view of the preponderance of the evidence); S.C. Code Ann. § 63-3-620 (Supp. 2024) ("An adult who wilfully violates, neglects, or refuses to obey or perform a lawful order of the court . . . may be proceeded against for contempt of court."). At the contempt hearing, Wife presented the Decree, which the family court admitted into evidence without objection, and she testified about her understanding of Husband's support obligation under the Decree and his failure to pay. *See Miller v. Miller*, 375 S.C. 443, 454, 652 S.E.2d 754, 760 (Ct. App. 2007) ("In a proceeding for contempt for violation of a court order, the moving party must show the existence of a court order and the facts establishing the respondent's noncompliance with the order." (quoting *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004))).

However, also at the contempt hearing, Wife acknowledged the provisions stated two separate things, and Husband testified he "s[aw] the problem in the order" regarding the provisions. In the alimony portion of the Decree, the parties waived "alimony, support and maintenance." Later, in the equitable division of the marital assets portion of the Decree, specifically the subsection titled "Support and Maintenance," the parties agreed Husband would "pay $2500.00 to [W]ife every other pay period[,] which amount w[ould] include the mortgage payment on the house and payments on [W]ife's vehicle." The parties further agreed in the same subsection that the $2,500 payment would "be reduced by $1045.00 once the mortgage loan on the house [was] paid off," at which time Wife would "receive a payment of $1455.00, from . . . Husband, every other pay period." Therefore, as the family court found, the permanent waiver of "alimony, support and maintenance" is "totally inconsistent and diametrically opposed to the award of spousal support and maintenance" in the later provision. Because the parties waived "alimony, support and maintenance" in one portion of the Decree and awarded Wife support and maintenance—the portion of the $2,500 payment not applicable to the mortgage—in a subsequent part of the Decree, we hold the family court did not err in determining the Decree contained inconsistent language and refusing to hold Husband in contempt. *See generally Lacke v. Lacke*, 362 S.C.

302, 309, 608 S.E.2d 147, 150 (Ct. App. 2005) ("A contract is ambiguous when it is capable of more than one meaning or when its meaning is unclear." (quoting *Smith-Cooper v. Cooper*, 344 S.C. 289, 301, 543 S.E.2d 271, 277 (Ct. App. 2001))); *Wilson v. Walker*, 340 S.C. 531, 538, 532 S.E.2d 19, 22 (Ct. App. 2000) ("Before a party may be found in contempt, the record must clearly and specifically show the contemptuous conduct."); *Taylor v. Taylor*, 434 S.C. 307, 317, 863 S.E.2d 335, 340 (Ct. App. 2021) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied." (quoting *Phillips v. Phillips*, 288 S.C. 185, 188, 341 S.E.2d 132, 133 (1986))); *id.* at 316, 863 S.E.2d at 340 ("A willful act is one which is 'done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done . . . .'" (quoting *Widman v. Widman*, 348 S.C. 97, 119, 557 S.E.2d 693, 705 (Ct. App. 2001))); *Miller*, 375 S.C. at 454, 652 S.E.2d at 760 ("Where a contemnor is unable, without fault on his part, to obey an order of the court, he is not to be held in contempt." (quoting *Smith-Cooper*, 344 S.C. at 301, 543 S.E.2d at 277)).

Finally, we hold Husband's alleged failure to raise the existence of the inconsistent language argument in two prior contempt actions that were premised upon nonpayment of support and maintenance did not preclude him from raising this argument in the present action or the family court from making the current determination regarding the inconsistent provisions because the family court never ruled on this argument in the prior contempt actions. Therefore, we hold the prior contempt orders are not the law of the case in regard to whether there is inconsistent language in the Decree, and the family court judge did not overrule himself. *See generally Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed *ruling* is the law of the case and requires affirmance." (emphasis added)); *Judy v. Martin*, 381 S.C. 455, 459, 674 S.E.2d 151, 153 (2009) (finding that when an appellant "raised [an] issue and argued it before the circuit court on appeal from [a] magistrate's judgment" and the circuit court affirmed the judgment and the appellant did not file any subsequent motion or appeal in that action, the circuit court's disposition on the issue became the law of the case). Accordingly, we affirm the family court's order.

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.