**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Luke W. Chorley, Appellant,

v.

Jessica Dru Chorley, Respondent.

Appellate Case No. 2024-000113

Appeal From Charleston County
Vicki J. Snelgrove, Family Court Judge

Unpublished Opinion No. 2026-UP-144
Submitted March 2, 2026 – Filed March 25, 2026

**REVERSED AND REMANDED**

Chris Paton, of Chris Paton LLC, of Charleston; and S. Maria Shiloh Averill, of Averill Law Firm, LLC, of Mount Pleasant, both for Appellant.

Jessica Dru Chorley, of Mount Pleasant, pro se.

Nancy J. Vavra, of Vavra Law, P.C., of Charleston, as the Guardian ad Litem.

**PER CURIAM:** Luke Chorley (Father) appeals the family court's order finding Father (1) in criminal contempt of the order concerning agreement on supplemental

temporary relief (the 2022 Order) because he failed to directly inform Jessica Chorley (Mother) of their minor child's (Child's) previous drug use and his decision to submit Child to a drug test but rather informed the parties' attorneys of the events, (2) in civil contempt of the 2022 Order because he failed to directly inform Mother he took Child to Palmetto Behavioral Health for a behavioral assessment, and (3) must reimburse Mother $2,000 for attorney's fees and costs. On appeal, Father argues the family court erred because the 2022 Order did not specifically require him to notify Mother of past events, require direct communication with Mother, and make attorney communication an insufficient way to notify Mother. Further, Father argues that because he was not in criminal contempt, he did not owe Mother attorney's fees. We reverse the family court's finding that Father was in contempt and the family court's award of Mother's attorney's fees and remand to the family court for a determination on Father's attorney's fees pursuant to Rule 220(b), SCACR.

1. We hold the family court abused its discretion by finding Father in criminal and civil contempt for violating the 2022 Order because the 2022 Order was not clear and definite as to Father's obligations for communicating with Mother. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) (clarifying the standard of review in family court matters is de novo); *Fennell v. Fennell*, Op. No. 6141 (S.C. Ct. App. filed March 18, 2026) (Howard Adv. Sh. No. 11 at 58) (recognizing the appellate courts review contempt orders arising out of the family court using a de novo standard of review); *Stoney*, 422 S.C. at 595, 813 S.E.2d at 487 ("[D]e novo review allows an appellate court to make its own findings of fact; however, this standard does not abrogate two long-standing principles still recognized by our courts during the de novo review process: (1) a trial [court] is in a superior position to assess witness credibility, and (2) an appellant has the burden of showing the appellate court that the preponderance of the evidence is against the finding of the trial [court]."). Here, the 2022 Order stated, "Father shall have a duty to keep Mother apprised of all significant matters related to [Child] in advance in writing." The 2022 Order did not clearly specify that Father must notify Mother of Child's *previous* events, including his drug use, or that Father's communication with his attorney, who then communicated with Mother's attorneys, was insufficient notification for future events concerning Child. *See Taylor v. Taylor*, 434 S.C. 307, 317, 863 S.E.2d 335, 340 (Ct. App. 2021) ("One may not be convicted of contempt for violating a court order which fails to tell him in definite terms what he must do. The language of the commands must be clear and certain rather than implied." (quoting *Phillips v. Phillips*, 288 S.C. 185, 188, 341 S.E.2d 132, 133 (1986))); *id.* ("A[n appellate court] need go no further in reviewing the evidence in a contempt

action when there is uncertainty in the commands of an order." (quoting *Phillips*, 288 S.C. at 188, 341 S.E.2d at 133)).

2.  Based on our reversal of the family court's finding that Father was in contempt, we reverse the family court's award of attorney's fees to Mother and remand the issue of awarding Father attorney's fees to the family court.  *See Fossett v. Fossett*, 440 S.C. 576, 587, 891 S.E.2d 515, 521 (Ct. App. 2023) ("An appellate court reviews 'a family court's award of attorney's fees de novo.'" (quoting *Stone v. Thompson*, 428 S.C. 79, 92, 833 S.E.2d 266, 272 (2019))); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651 (2011) (explaining the appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence in appeals from the family court); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) *beneficial results obtained by the attorney*; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." (emphasis added)); *Browder v. Browder*, 382 S.C. 512, 524, 675 S.E.2d 820, 826 (Ct. App. 2009) ("Where the substantive results achieved by counsel are reversed on appeal, an award of attorney's fees is subject to reversal.").

**REVERSED AND REMANDED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.